UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ERIC WONG, et al., | Case No. 24-cv-00779-LB |
| Plaintiffs, | |
| v. | **ORDER TRANSFERRING CASE** |
| MLB ADVANCED MEDIA, L.P., | Re: ECF No. 12 |
| Defendant. | |

## INTRODUCTION

This putative class action challenges MLB Advanced Media's alleged use of software on MLB.com to track users' watched videos and then disclose them to third-party Meta, in violation of the Video Privacy Protection Act (VPPA). The plaintiffs agreed to MLB Advanced Media's terms of service, which provide for a New York venue and choice of law. MLB Advanced Media moved to transfer the case to the Southern District of New York and, alternatively, moved to dismiss for the plaintiffs' failure to allege disclosure under the VPPA. The court transfers the case and declines to decide the motion to dismiss.

## STATEMENT

The plaintiffs claim that MLB Advanced Media used software on MLB.com to disclose video content that they watched — "specific prerecorded audio visual materials" — to Meta without

ORDER – No. 24-cv-00779-LB

permission, in violation of the VPPA.[1] When they register for accounts on MLB.com, the users must agree to MLB Advanced Media's terms of service.[2] Users are taken first to a "Log In" page, where they can "Sign Up." After clicking "Sign Up," they are taken to a registration page. There, to create an account, they must click the button "Register." Directly above "Register" is the following: "I understand and agree to be bound by the MLB.com Terms of Use and Privacy Policy. "Terms of Use" and "Privacy Policy" appear in blue font, denoting hyperlinks.[3]

The terms of use have a forum-selection and choice-of-law provision, "**CHOICE OF LAW AND VENUE,**" bolded and in caps in the table of contents and in the corresponding section. It provides that New York law applies and that the user "irrevocably consent[s] to the exclusive jurisdiction of the federal and state courts in New York County, New York for purposes of any legal action and waive[s] any objections as to personal jurisdiction of as to the laying of venue in such courts due to (i) inconvenient forum or (ii) any other basis or any right to seek to transfer or change venue of any such actions to another court."[4]

The terms of use have a section titled "**DISPUTE RESOLUTION (INCLUDING ARBITRATION AGREEMENT; CLASS ACTION WAIVER; JURY TRIAL WAIVER)**," bolded and caps in the table of contents and in the section itself. The section states:

> YOU AND MLB AGREE THAT ANY PROCEEDING, WHETHER IN ARBITRATION OR IN LITIGATION, WILL BE CONDUCTED ONLY ON AN INDIVIDUAL BASIS AND NOT IN A CLASS, COLLECTIVE, CONSOLIDATED, PRIVATE ATTORNEY GENERAL, OR REPRESENTATIVE ACTION. YOU AND MLB AGREE TO WAIVE ANY RIGHT TO BRING OR TO PARTICIPATE IN SUCH AN ACTION IN ARBITRATION OR IN COURT TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW. NOTWITHSTANDING THE FOREGOING, THE PARTIES RETAIN THE RIGHT TO PARTICIPATE IN A CLASS-WIDE SETTLEMENT.[5]

---

[1] Compl. – ECF No. 12 at 2 (¶¶ 1–3), 5 (¶ 22, 29), 7 (¶ 46) ("specific video materials"). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl. – ECF No. 12 at 4 (¶ 17 n.1), 4 (¶ 20 n.2) (citing https://www.mlb.com/official-information/terms-of-use and acknowledging that the terms of use apply here).

[3] MLB.com Registration Page, https://www.mlb.com/official-information/terms-of-use.

[4] *Id.* § 12.

[5] *Id.* § 11; *see also id.*, Introduction ("This agreement contains a Dispute Resolution section, including an arbitration agreement, class action waiver, and jury trial waiver that affect your legal rights.").

Based on the forum-selection clause, MLB Advanced Media moved to transfer the case to the Southern District of New York, where it is litigating another nationwide VPPA class action brought by a California resident.[6] As an alternative, it moved to dismiss on the ground that the plaintiffs failed to allege disclosure of their information.[7] The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c).[8] The court held a hearing on December 19, 2024.

## LEGAL STANDARD

Under 28 U.S.C. § 1404(a), the court has discretion to transfer the case to a different district where the action "might have been brought" (meaning, a district where venue also is proper) for the convenience of the parties and witnesses, in the interest of justice. 28 U.S.C. § 1404(a); *Walters v. Famous Transports, Inc.*, 488 F. Supp. 3d 930, 935 (N.D. Cal. 2020) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013)). The § 1404(a) factors are: "(1) [the] plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum." *Lapachet v. Cal. Forensic Med. Grp., Inc.*, No. 16-cv-06959-HSG, 2017 WL 3917209, at *2 (N.D. Cal. Sept. 7, 2017); *Bloom v. Express Servs. Inc.*, No. C 11-00009 CRB, 2011 WL 1481402, at *2–6 (N.D. Cal. Apr. 19, 2011). The first four factors are private-interest factors, and the last four are public-interest factors. *Bloom*, 2011 WL 1481402, at *2–6.

Generally, a district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Although Congress drafted § 1404(a) in accordance with the doctrine of

---

[6] Mot. – ECF No. 29 at 19–43; Littman Decl. – ECF No. 29-1 at 2 (¶ 3) & Compl., No. 1:24-CV-01466-GHW-GWG (S.D.N.Y.), Ex. A to *id.*

[7] Reply – ECF No. 32 at 17.

[8] Consents – ECF Nos. 11, 23.

forum non conveniens, it was intended to be a revision to rather than a codification of the common law. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Thus, a § 1404(a) transfer is available "upon a lesser showing of inconvenience" than that required for a forum non conveniens dismissal. *Norwood*, 349 U.S. at 32.

The application of the standard changes with forum-selection clauses. Section 1404(a) "provide[s] [an] appropriate enforcement mechanism[]" for forum-selection clauses. *Atl. Marine*, 571 U.S. at 61. "When the parties have agreed to a valid forum-selection clause, a district court ordinarily should transfer the case to the forum specified in that clause." *Id.* at 62. "Only in extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion [based on a forum-selection clause] be denied." *Id.* at 62. The court "may consider arguments about the public interest factors only," *id.* at 64, and the challenging party "must show that the public interest factors 'overwhelmingly disfavor' enforcement," *id.* at 67. "[T]he practical result is that [valid] forum-selection clauses control except in unusual cases." *Id.* at 64.

Federal law governs the interpretation and enforcement of forum-selection clauses in diversity cases. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). State law governs contract formation. *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1217 (9th Cir. 2008) ("We apply state-law principles that govern the formation of contracts to determine whether a valid arbitration agreement exists."); *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956, 963–64 & n.6 (9th Cir. 2022) (state law governs the validity of a forum-selection clause, just like any other contract clause; California Labor Code § 925, "which grants employees the option to void a forum-selection clause under a limited set of circumstances, determines the threshold question of whether [the] contract contains a valid forum-selection clause;" did not decide whether state law always governs the validity of forum-selection clauses); *Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 988 (N.D. Cal. 2017) ("Questions of contract formation are questions of state law.").

Under federal law, a forum-selection clause should be enforced unless the "resisting party" shows that enforcement is unreasonable under the circumstances. *Lightfoot v. MoneyonMobile, Inc.*, No. 18-CV-07123-YGR, 2019 WL 2476624, at *3 (N.D. Cal. June 13, 2019). This requires a

"strong showing" that: (1) the clause resulted from "fraud or overreaching;" (2) the parties' chosen forum is "so gravely difficult and inconvenient that the [resisting party] will be for all practical purposes denied [its] day in court; or (3) enforcement "would contravene a strong public policy of the forum in which suit is brought." *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 914 (9th Cir. 2019) (quoting M/S *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). The public policy at issue must relate to venue — unless there would be " a total foreclosure of remedy in the transferee forum." *Rowen v. Soundview Commc'ns, Inc.*, No. 14-cv-05530-WHO, 2015 WL 899294, at *4–6 (N.D. Cal. Mar. 2, 2015) (collecting cases). Thus, so long as there is a remedy available in the transferee forum for the defendant's alleged conduct, the plaintiff cannot challenge a forum-selection clause based on a public policy unrelated to venue, even if the remedy available in the transferee forum is not the same as in the transferor forum. *Besag v. Custom Decorators, Inc.*, No. CV08-05463 JSW, 2009 WL 330934, at *3 (N.D. Cal. Feb. 10, 2009) (where the public policy at issue is unrelated to venue, "the loss of a claim is insufficient to invalidate a forum selection clause") (citing *Fireman's Fund Ins. Co. v. M.V. DSR Atl.*, 131 F.3d 1336, 1338 (9th Cir. 1997)).

## ANALYSIS

The plaintiffs challenge the choice-of-law provision, which — in combination with the venue provision — allegedly infringes their unwaivable rights under California's Consumer Legal Remedies Act (CLRA), including rights to a class action and a jury trial.[9] Transfer is appropriate because there is not a total foreclosure of remedy in the S.D.N.Y.

The plaintiffs do not dispute that they agreed to the terms of use or contend that their agreement was invalid as a matter of contract formation. Thus, the only issue is enforceability. The plaintiffs do not show a contravention of a policy related specifically to venue. And they have not shown that the rights they may have under California law would be totally foreclosed by transferring venue. *Rowen*, 2015 WL 899294, at *4 & n.2 (a policy objection to a forum-selection clause must relate to venue absent an inevitable total foreclosure of remedy in the transferee forum). For example, they

---

[9] Opp'n – ECF No. 31 at 16.

cannot establish how a New York court federal court would evaluate the choice-of-law provision, their CLRA claim, or the class-action and jury-trial waivers.[10] The choice-of-law issues are the same for federal courts in California or New York: "both courts . . . consider which law . . . to apply to the claims." *Marcotte v. Micros Sys., Inc.*, No. C 14-01372 LB, 2014 WL 4477349, at *8–9 (N.D. Cal. Sept. 11, 2014). Enforcing the forum-selection clause is different than choice-of-law issues; only the former must be decided on a motion to transfer. *Id.*

The plaintiffs cite *Bayol v. Zipcar, Inc.* to support their argument that the combined venue and law issue nonetheless allow invalidation of the forum-selection clause.[11] No. 14-cv-02483-TEH, 2014 WL 4793935, at *1–2 (N.D. Cal. Sept. 25, 2014). *Bayol* was a putative class action challenging Zipcar's late fees under California's consumer-protection statutes, including the CLRA. There, the challenged agreement designated Massachusetts state or federal courts as the forum and Massachusetts law as the choice of law. The *Bayol* court distinguished between cases where the plaintiffs asserted waivable or unwaivable rights. *Id.* at *1–2. Given the existence of unwaivable rights under California consumer-protection statutes, it analyzed Massachusetts's choice-of-law rules and held that Massachusetts courts would be unlikely to apply California's rule — unwaivable rights under the CLRA — because they honor contractual choice-of-law provisions absent exceptional circumstances or a manifest public policy conflict. *Id.* at *4 (citing *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1084 (9th Cir. 2007) (forum-selection clause in AOL agreement was unenforceable against California-resident plaintiffs "bringing class action claims under California consumer law")).

But here, the plaintiffs have not shown that they are foreclosed of a remedy in the transferee court. In *Doe I*, the venue implicated was Virginia, which has no consumer class-action mechanism. 552 F.3d at 1084. Nothing in the New York forum precludes a class action. Also, the plaintiffs concede that they "cannot be certain that the transferee court would not enforce the choice of law provision[.]"[12] "The New York Court of Appeals have recognized a public policy exception" to the

---

[10] Reply – ECF No. 32 at 11 (making this argument).

[11] Opp'n – ECF No. 31 at 14.

[12] *Id.* at 21.

enforcement of choice-of-law provisions and "New York intermediate courts have applied [the] same principles in considering whether to enforce the contractual elections of New York law." *Petróleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, 51 F.4th 456, 472 (2nd Cir. 2022); *Spread Your Wings, LLC v. AMZ Grp. LLC*, No. 20-CV-03336-VKD, 2020 WL 5749085, at *6–7 (N.D. Cal. Sept. 25, 2020) (the plaintiffs did not "demonstrate[] that proceeding in New York would deprive them of an adequate remedy, let alone any remedy whatsoever.")

In sum, the plaintiffs have not shown that the forum-selection clause, even in combination with the choice-of-law provision, "totally foreclose[es]" their remedies. *Rowen*, 2015 WL 899294, at *4. No public-interest factors militate against transfer. *Bloom*, 2011 WL 1481402, at *2–6. The court grants the motion to transfer.

## CONCLUSION

The court transfers the case to the S.D.N.Y.

**IT IS SO ORDERED.**

Dated: January 22, 2025

_____
LAUREL BEELER
United States Magistrate Judge