GOLDMAN
ISMAIL
TOMASELLI
BRENNAN &
BAUM LLP

Alan Littmann
312.881.5969
alittmann@goldmanismail.com

**VIA ECF**

May 8, 2025

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Wong v. MLB Advanced Media, L.P.*, No. 1:25-cv-00777-GHW-GWG

Dear Judge Gorenstein:

Defendant MLB Advanced Media, LP ("MLBAM") submits this notice of the Second Circuit's decision in *Solomon v. Flipps Media, Inc.*, No. 23-7597, 2025 WL 1256641 (2d Cir. May 1, 2025), in further support of MLBAM's motion to strike and dismiss Plaintiffs' amended complaint pursuant to Federal Rules of Civil Procedure 12(f), 12(b)(6), and 12(b)(1). (ECF Nos. 29, 62, and 69.) The *Solomon* court affirmed the district court's dismissal of the plaintiff's Video Privacy Protection Act ("VPPA") claim challenging disclosures allegedly caused by the Meta Pixel because she failed to plead a disclosure of her "personally identifiable information," or "PII." A copy of the *Solomon* decision is attached as Exhibit A.

The Second Circuit's opinion provides binding authority in support of MLBAM's pending motion to dismiss based on Plaintiffs' failure to allege the disclosure of PII. In *Solomon*, the Second Circuit adopted the "ordinary person" standard used in the Third and Ninth Circuits to assess

whether disclosed information constitutes PII for VPPA purposes. In the context of VPPA claims involving the Meta Pixel, this means the question is whether a complaint plausibly alleges that the disclosure of a Facebook ID "would, with little or no extra effort, permit an ordinary recipient to identify [a user's] video-watching habits." *Solomon*, 2025 WL 1256641, *10 (citation omitted). Applying this standard, the Second Circuit concluded that an ordinary person could not identify the plaintiff through her Facebook ID, which was "a phrase such as 'c_user=123456,'" similar to the device identifiers and serial numbers that the Third and Ninth Circuits have found not to be PII. *Id*. at *11. The Second Circuit also found that the district court properly denied the plaintiff leave to amend and dismissed her case with prejudice. *Id.* at *12.

Sincerely,

Alan E. Littmann

Alan Littmann

Cc: Counsel of Record (via ECF)