ZIMMERMAN | REED

May 21, 2025

**Via ECF**

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square, Chambers 519
New York, NY 10007

**Re:    Wong et al. v. MLB Advanced Media, L.P, Case No. 1:25-cv-00777**

Dear Magistrate Judge Gorenstein,

Plaintiffs submit this letter pursuant to the Court's Order dated May 14, 2025 (ECF No. 72) and in response to Defendant's notice of the Second Circuit's opinion in *Solomon v. Flipps Media, Inc.*, 2025 WL 1256641 (2d Cir. May 1, 2025).

The Second Circuit's opinion in *Solomon* adopts one side of a circuit split regarding the appropriate standard for determining what constitutes "personally identifiable information" ("PII") under the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2719. But while *Solomon* adopted the "ordinary person" standard, it did only that.

The *Solomon* court did not hold that a Facebook ID ("FID") could not constitute PII in any situation. After announcing its position on the "ordinary person" circuit split, the court conducted a fact-dependent, case-specific analysis to determine whether the allegations within the complaint were sufficient to state a claim. *Solomon*, 2025 WL 1256641, at *24, 31. The court took issue with the "'exemplar screenshot' depicting the transmission that FITE sends Facebook via the Pixel's PageView." *Solomon*, 2025 WL 1256641, at *3. In this exemplar, Solomon's FID was a "redacted sequence of numbers" which "would be just one phrase embedded in many other lines of code." As such, the court found it not plausible that an "ordinary person" would see such a phrase and conclude that it was a person's FID. *Id.* at *11.

Deciding whether a Facebook ID, categorically, qualifies as PII was not "necessary for the decision of the case." *See Chen-Oster v. Goldman, Sachs & Co.*, 251 F. Supp. 3d 579, 588 (S.D.N.Y. 2017) ("[I]t is not substantive discussion of a question or lack thereof that distinguishes holding from dictum, but rather whether resolution of the question is necessary for the decision of the case." (quoting *Baraket v. Holder*, 632 F.3d 56, 59 (2d Cir. 2011)). Rather, the *Solomon* court determined that *in these circumstances*, the information contained in the transmission that FITE sends to Facebook via the Pixel's PageView would not "permit an ordinary recipient to identify [Solomon's] video-watching habits." *Solomon*, 2025 WL 1256641, at *10 (quoting *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 284 (3d Cir. 2016)).

To categorically reject the notion that an FID can constitute PII would be at odds with not only the courts in this District but nearly every federal court to consider the question. *See, e.g.*, *Collins v. Pearson Educ., Inc.*, 721 F. Supp. 3d 274, 286 (S.D.N.Y. 2024) ("Even applying the narrower, more demanding approach…courts in this District have uniformly held that disclosure

May 21, 2025
Page 2

of a 'Facebook ID [ ] would readily permit an ordinary person to identify a specific individual's video-watching behavior.'" (quoting *Golden v. NBCUniversal Media, LLC*, 688 F. Supp. 3d 150, 160 (S.D.N.Y. 2023)); *Lamb v. Forbes Media LLC*, No. 22 Civ. 06319, 2023 WL 6318033, at *10–11 (S.D.N.Y. Sept. 28, 2023); *Czarnionka v. Epoch Times Ass'n, Inc.*, No. 22 Civ. 06348, 2022 WL 17069810, at *3 (S.D.N.Y. Nov. 17, 2022) ("The FID itself represents a particular individual."); *Belozerov v. Gannett Co.*, 646 F. Supp. 3d 310, 314 (D. Mass. 2022) (collecting cases) ("A Facebook ID meets the broad definition of PII in this circuit…A Facebook ID is a unique identifier that allows anyone to discover the user's identity."); *Ellis v. Cartoon Network, Inc.*, No. 14 Civ. 484, 2014 WL 5023535, at *3 (N.D. Ga. Oct. 8, 2014) ("[T]he disclosure of a Facebook ID, which can identify a specific person without any additional steps, does qualify as personally identifiable information."); *see also Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 986 (9th Cir. 2017) ("A Facebook link or an email address may very well readily enable an 'ordinary person' to identify an individual.").

As such, the binding authority provided by the Second Circuit is the direction to apply the "ordinary person" standard when assessing whether, as pleaded, Plaintiffs in this case have sufficiently alleged that the information disclosed by MLBAM constituted PII. *See* Am. Compl. ¶ 36 ("[T]he specific audio visual material or service and the viewer's FID are simultaneously disclosed to Meta via the Pixel."); *cf. Feldman v. Star Tribune Media Co. LLC*, 659 F. Supp. 3d 1006, 1021 (D. Minn. 2023) ("As the Complaint describes things then, connecting a Facebook ID to a specific person, a URL to a particular video, and the specific person to the particular video is a reasonably straightforward exercise.").

Furthermore, Plaintiffs submit that, to the extent *Solomon* dictates the outcome of Defendant's motions, any such decision should be postponed until, at minimum, the Second Circuit determines whether it will rehear the case. Plaintiff's counsel in *Solomon* moved for an extension of time to file a petition for panel rehearing or rehearing en banc, which was granted on May 15, 2025, giving the plaintiff until June 14, 2025 to file the petition. Given the imminent potential for rehearing, reversal, or further guidance, Plaintiffs believe it would best serve the interests of judicial economy to await a decision on a petition for rehearing prior to resolving a motion based on *Solomon*'s holding.

Sincerely,

/s/ Molly F. Billion
Molly F. Billion (pro hac vice)
ZIMMERMAN REED LLP
80 South 8th Street, Suite 1100
Minneapolis, MN 55402
T: (612) 341-0400
E: molly.billion@zimmreed.com

*Counsel for Plaintiffs*

cc: All counsel of record (via ECF)