GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP

Alan Littmann
312.881.5969
alittmann@goldmanismail.com

**VIA ECF**

May 30, 2025

Hon. Gabriel W. Gorenstein
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 519
New York, New York 10007

Re: *Wong, et al. v. MLB Advanced Media, L.P.*, No. 1:25-cv-00777-GHW-GWG

Dear Judge Gorenstein:

Defendant MLB Advanced Media, L.P. ("MLBAM") responds to Plaintiffs' May 21, 2025 letter addressing the effect of the Second Circuit's decision in *Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025), on MLBAM's fully briefed motion to dismiss and to strike class allegations, ECF No. 29. Contrary to Plaintiffs' assertions, *Solomon* is binding precedent requiring dismissal of Plaintiffs' claims under the Video Privacy Protection Act ("VPPA") because Plaintiffs fail to allege a disclosure of their personally identifiable information ("PII"), as required to state a claim under the VPPA. After *Solomon*, VPPA claims like Plaintiffs' based on the alleged disclosure of Facebook IDs ("FIDs") through the operation of the Meta Pixel fail because numerical identifiers like FIDs cannot plausibly be used by an "ordinary person" to identify someone—the test adopted in *Solomon* to define PII under the VPPA. Plaintiffs' arguments to the contrary are meritless. The complaint here, which Plaintiffs have already amended once, should be dismissed with prejudice, the same result endorsed in *Solomon*.

Plaintiffs first incorrectly claim that *Solomon* does not categorically bar their VPPA claims. But a close reading of *Solomon* leaves no room for the disclosure of FIDs to qualify as disclosures of PII under the VPPA. In *Solomon*, the Second Circuit adopted the "ordinary person" standard used by the Third and Ninth Circuits to determine what qualifies as PII under the VPPA. Under this standard, PII "encompasses information that would allow an ordinary person to identify a consumer's video-watching habits, but not information that only a sophisticated technology company could use to do so." *Solomon*, 136 F.4th at 52; *see also In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 267 (3d Cir. 2016) (holding that PII "applies only to the kind of information that would readily permit an ordinary person to identify a specific individual's video-watching behavior"); *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017) (adopting

"the Third Circuit's 'ordinary person' standard"). The Third Circuit in *Nickelodeon* found that "digital identifiers" linked to the plaintiffs were not personally identifiable information protected from disclosure by the VPPA because an "ordinary person" could not plausibly use the identifiers to find an individual. 827 F.3d at 282–90. Likewise, the Ninth Circuit in *Eichenberger* held that serial numbers on the plaintiffs' streaming devices were not PII because only a sophisticated third party with access to other information could use the serial numbers to identify the plaintiffs. 876 F.3d at 986. And the Second Circuit in *Solomon* concluded that FIDs were not "vastly different" from the numerical identifiers rejected as PII in *Nickelodeon* and *Eichenberger*. 136 F.4th at 55. Rather, the court found that it was "not plausible that an ordinary person" would understand that the string of numbers comprising an FID could be used to look up a person's Facebook profile and identify a person. *Id.* at 54. The court described no circumstance in which a VPPA claim based on the disclosure of an FID could satisfy the "ordinary person" test and state a claim. *See id.* Thus, after *Solomon*, VPPA claims premised on disclosure of FIDs, like Plaintiffs', fail as a matter of law.

Plaintiffs' VPPA claims also fail for an additional reason under *Solomon*. The *Solomon* court explained that "even assuming . . . that an ordinary person could somehow gain access to" a transmission including an FID and an explanation of what the string of numbers comprising an FID means, "the Complaint is also devoid of any details about ***how*** an ordinary person would use an FID to identify ***Solomon***." *Id.* (second emphasis added). The same is true here. Plaintiffs' complaint lacks any details showing how an ordinary person could identify them in particular by using their FIDs to find their Facebook profiles. (*See generally* Am. Compl., ECF No. 12; *see also* Mem., ECF No. 62, at 21–27; Reply, ECF No. 69, at 19–21 (explaining that complaint lacks key factual allegations about these Plaintiffs in particular).)

Nor does it matter that the Second Circuit's decision in *Solomon* diverges from the path laid by many district courts interpreting PII, as Plaintiffs note. That *Solomon* differs from earlier district court authority does nothing to reduce its effect; *Solomon* remains binding, and its reasoning requires dismissal of Plaintiffs' VPPA claims.

And as in *Solomon*, Plaintiffs' VPPA claim should be dismissed with prejudice. Plaintiffs have already amended their complaint once, *see* ECF No. 12. Plaintiffs have been "put on notice of the deficiencies in the [c]omplaint and had ample opportunity to address them" through several rounds of briefing over many months. 136 F.4th at 56 (quotation marks omitted). Yet Plaintiffs have not suggested any way they ***could*** amend to surmount their pleadings' fatal flaws. And Plaintiffs' single-sentence request for leave to amend in the concluding paragraph of their opposition brief is as perfunctory as the footnoted request to amend that the Second Circuit found insufficient in *Solomon*. *Id.*; (*see* Opp'n, ECF No. 66 at 25). Accordingly, the Court should dismiss Plaintiffs' complaint with prejudice.

However, MLBAM does not object to Plaintiffs' request that the Court wait to issue a decision applying *Solomon* until after any petitions for rehearing in that case have been decided. As MLBAM has explained, Plaintiffs' VPPA claims fail with or without *Solomon*'s application, but *Solomon* makes it even clearer that Plaintiffs' VPPA claims should be dismissed for failure to allege a disclosure of PII under the VPPA.

Sincerely,

Alan E. Littmann

Alan Littmann

Cc: Counsel of Record (via ECF)