GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP

Alan Littmann
312.881.5969
alittmann@goldmanismail.com

**VIA ECF**

October 23, 2025

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Wong v. MLB Advanced Media, L.P.*, No. 1:25-cv-00777-GHW-GWG

Dear Judge Gorenstein:

Defendant MLB Advanced Media, L.P. ("MLBAM") writes regarding its request to reinstate its motion to dismiss Plaintiffs' complaint. The Court had previously ordered MLBAM's motion to dismiss withdrawn pending the Second Circuit's resolution of *Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025). *See* ECF No. 76 (6/11/2025 Order). In the same order, the Court permitted MLBAM to reinstate its motion within 14 days of a final disposition in *Solomon*. *Id*. The Second Circuit denied *Solomon*'s petition for panel rehearing or rehearing *en banc* on July 24, 2025, and issued its mandate on August 1. *Solomon*, No. 23-7597, ECF Nos. 57.1, 58.1. Based on the Court's order, MLBAM wrote on August 5 to request reinstatement of MLBAM's motion to dismiss, noting that *Solomon* requires dismissal of this case with prejudice because it confirms that Plaintiffs have not—and cannot—allege a disclosure of their personally identifiable information sufficient to state a claim under the Video Privacy Protection Act ("VPPA"). *See* ECF No. 77 (8/5/2025 Letter).

MLBAM writes to inform the Court that since its last letter, the Second Circuit has reaffirmed this principle by denying a petition for panel rehearing or rehearing *en banc* in *Hughes v. National Football League*. *See Hughes*, No. 24-2656, ECF No. 54. In *Hughes*, the Second Circuit affirmed the dismissal of the Plaintiffs' Pixel-based VPPA claims, writing that "*Solomon* effectively shut the door for Pixel-based VPPA claims." No. 24-2656, 2025 WL 1720295, at *2 (2d Cir. June 20, 2025). The mandate in *Hughes* has also been issued. *See Hughes*, No. 24-265, ECF No. 55.

Because binding Second Circuit precedent forecloses Plaintiffs' VPPA claims, MLBAM

again requests that the Court reinstate and grant its motion to dismiss Plaintiffs' VPPA claims with prejudice. *See* ECF No. 77 (8/5/2025 Letter); ECF No. 29 (Motion); ECF No. 62 (Superseding Memorandum Supporting Motion); ECF No. 69 (Reply Supporting Motion); ECF No. 71 (Notice of Supplemental Authority); ECF No. 75 (Reply to Plaintiffs' Response to Notice of Supplemental Authority). And as explained in MLBAM's superseding memorandum and its previous letters, Plaintiffs' California-law claims also fail for multiple reasons, meaning that the Court should dismiss all Plaintiffs' claims with prejudice and strike their class allegations. *See* ECF No. 77 (8/5/2025 Letter); ECF No. 75 (Reply to Plaintiffs' Response to Notice of Supplemental Authority); ECF No. 62 (Superseding Memorandum Supporting Motion); ECF No. 69 (Reply Supporting Motion).

MLBAM remains available to address any additional questions the Court may have.

Sincerely,

Alan E. Littmann

Alan Littmann

Cc: Counsel of Record (via ECF)