USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
BRYAN HENRY, *individually and on behalf of himself* :
*and all others similarly situated*, *et al.*,             :
: 1:24-cv-1446-GHW
                              Plaintiffs,   :
          -v -                                             : ORDER
:
MAJOR LEAGUE BASEBALL ADVANCED       :
MEDIA, L.P.,                                               :
:
                              Defendant.    :
:
-----------------------------------------------------------------X
-----------------------------------------------------------------X
:
AARON GOLLAND, *individually and on behalf of all* :
*others similarly situated*, *et al.*,                     :
: 1:24-cv-6270-GHW
                              Plaintiffs,   :
:
          -v -                                             :
:
MAJOR LEAGUE BASEBALL ADVANCED       :
MEDIA, L.P.,                                               :
                              Defendant.    :
:
-----------------------------------------------------------------X
-----------------------------------------------------------------X
:
ERIC WONG, *et al.*,                                       :
:
                              Plaintiffs,   : 1:25-cv-777-GHW
:
          -v -                                             :
:
MLB ADVANCED MEDIA, L.P.,                                  :
                              Defendant.    :
:
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

Plaintiffs in the above-captioned cases bring claims against Defendant MLB Advanced

Media L.P. ("MLB") alleging that MLB has violated the Video Privacy Protect Act ("VPPA"), 18

U.S.C. § 2710, by allegedly knowingly disclosing personally identifiable information with respect to Plaintiffs video-streaming habits to non-party Meta Platforms, Inc.—and in Plaintiff Golland's case, to non-party Snap Inc. as well. Defendant MLB filed a motion to dismiss in each of the above-captioned cases.[1]

On December 23, 2025, Judge Gorenstein issued a thoughtful and well-reasoned report and recommendation on Defendants' motions to dismiss in each of the above-captioned cases. Dkt. Nos. 61, 57 & 88 (the "R&R"). Judge Gorenstein recommends that the Court grant Defendants' motion in full and deny Defendants' motions to strike as moot. Specifically, Judge Gorenstein concluded that dismissal of Plaintiffs' respective claims is warranted because Plaintiffs claims under the VPPA are foreclosed by the Second Circuit's decision in *Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025), *cert denied*, 2025 WL 3506993 (Dec. 8, 2025), in which the Second Circuit dismissed the plaintiff's Pixel-based VPPA claims. R&R at 9–10. And Judge Gorenstein concluded that Plaintiffs' complaints fail to plausibly allege the third element of a VPPA violation, which warrants dismissal irrespective of the Second Circuit's decision in *Solomon*. *Id.* at 11.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). The R&R specifically stated that "[i]f a party fails to file timely objections, <u>that party will not be permitted to raise any objections . . . on appeal</u>." R&R at 18. The Court reviews for clear error those parts of a report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

---

[1] In *Henry*, Defendant's motion to dismiss is at Dkt. No. 41; in *Golland*, Defendant's motion is at Dkt. No. 35; and in *Wong*, Defendant's motion is at Dkt. No. 29.

No objections to the R&R were submitted within the fourteen-day window. The Court has reviewed the R&R for clear error and finds none. *See Braunstein v. Barber*, No. 06 Civ. 5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record"). The Court, therefore, accepts and adopts the R&R in its entirety. Therefore, Defendants' motions to dismiss are GRANTED and the motions to strike are DENIED as moot. The Clerk of Court is directed to terminate the motions pending at Dkt. No. 41 in No. 1:24-cv-1446, Dkt. No. 35 in No. 1:24-cv-6270, and Dkt. No. 29 in 1:25-cv-777. The Clerk of Court is further directed to enter judgment for Defendant MLB in each of the above-captioned cases, and to close each of the above-captioned cases.

SO ORDERED.

Dated: January 7, 2026
New York, New York

                                                        GREGORY H. WOODS
                                            United States District JudgeMaduro